Alex Meggitt, OSB #174131
P.O. Box 5248
Portland, OR 97208
Email: ameggitt@ojrc.info
Telephone: (503) 563-3354

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| JOSHUA CARMACK<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON DEPARTMENT OF<br> CORRECTIONS, KEVIN JACKSON,<br> THERON RUMSEY, ABRAHAM CAMPOS,<br>and JOHN DOE,<br><br>    Defendants. | Case No.  2:21-cv-1887<br><br>COMPLAINT<br><br>Civil Rights Action (42 U.S.C. § 1983) for cruel and unusual punishment in violation of the Eighth Amendment; state law negligence claim<br><br>DEMAND FOR JURY TRIAL |

    This is a Civil Rights action stemming from Defendants' unconstitutional and unreasonable failure to provide Plaintiff Joshua Carmack with means of decontamination after he was exposed to Oleoresin Capsicum (OC) spray, a chemical agent that causes burning sensations, pain, and difficulty breathing, among other symptoms, in those exposed to it.  Mr. Carmack was not afforded the opportunity to shower until at least 12 hours after he was sprayed.  During that time, Mr. Carmack experienced constant pain, a burning sensation, and difficulty breathing.  When he did receive a shower, the hot water reactivated the OC spray, causing Mr.

Carmack additional pain.  As a result of Defendants' actions, Mr. Carmack suffered unnecessary physical and mental pain and suffering.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4). This Court has pendent jurisdiction over plaintiff's state law negligence claim under 28 U.S.C. § 1967.

2. Pursuant to Oregon Governor Kate Brown's June 25, 2021 Executive Order No. 21-15, which is an extension of Executive Order No. 20-03, issued March 8, 2020, and House Bill 4212, signed into law on June 30, 2020, Plaintiff's statutes of limitations are tolled until 90 days after December 31, 2021, or until March 31 2022.

3. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Umatilla, Umatilla County, Oregon.

## PARTIES

4. Plaintiff Joshua Carmack is an adult who currently resides in Ontario, Oregon, at the Snake River Correctional Institution. At the time of the events detailed within this complaint, Mr. Carmack was housed at Two Rivers Correctional Institution (TRCI) in Umatilla, Oregon.

5. At the time of the allegations made herein, Defendant Kevin Jackson was the assistant superintendent of security at TRCI.  He is an employee of the State of Oregon.  At all times alleged, Defendant Jackson was acting under color of law, and is being sued in his individual capacity.

6. At the time of the allegations made herein, Defendant Theron Rumsey was the operations captain for TRCI. He is an employee of the State of Oregon. At all times alleged, Defendant Rumsey was acting under color of law, and is being sued in his individual capacity.

7. At the time of the allegations made herein, Defendant Abraham Campos was a corrections sergeant working at TRCI. He is an employee of the State of Oregon. At all times alleged, Defendant Campos was acting under color of law, and is being sued in his individual capacity.

8. At the time of the allegations made herein, Defendant John Doe was a corrections officer working at TRCI. He is an employee of the State of Oregon. His identity is unknown to Plaintiff at this time. At all times alleged, Defendant Doe was acting under color of law, and is being sued in his individual capacity.

9. Defendant Oregon Department of Corrections (ODOC) is a department or division of the State of Oregon with the capacity to sue and be sued pursuant to the Oregon Tort Claims Act. Under *respondeat superior*, Defendant State of Oregon is liable in a state tort action for the actions or inactions of its agents.

## FACTUAL ALLEGATIONS

10. On December 22, 2019, Mr. Carmack was held in cell 15 of the Disciplinary Segregation Unit (DSU) at TRCI.

11. At approximately 7:35 PM, Defendant Campos led a "cell extraction" on the neighboring cell, number 16. As part of the cell extraction, Defendant Campos sprayed a large quantity of chemical agents, namely OC spray, into cell 16.

12. Because cells 15 and 16 share a vent, the chemical agents entered Mr. Carmack's cell.

13. Due to the exposure to those chemical agents, Mr. Carmack experienced pain and a burning sensation on his skin and eyes, difficulty breathing, and other symptoms. He had to wrap a towel around his face to be able to breathe.

14. ODOC policy requires officers to offer a shower and other means of decontamination to an inmate who was exposed to chemical agents as soon as possible after the inmate or situation is under control.

15. At approximately 8:32 PM, Mr. Carmack's cellmate pressed an intercom button in their cell and asked Defendant John Doe to provide himself and Mr. Carmack a shower to relieve the pain and suffering caused by the chemical agents.

16. Defendant John Doe responded that he would ask Defendant Campos if they could have a shower.

17. Still suffering from the chemical agents, Mr. Carmack's cellmate pressed the intercom button again at approximately 9:05 PM again request a shower and other means of decontamination. At that time, Defendant John Doe responded that Defendant Campos said he would receive a shower if time allowed.

18. Mr. Carmack did not receive a shower that night. He did not receive a shower until his next regularly schedule shower, at least 12 hours after he was first exposed to the chemical agents.

20. During the hours Mr. Carmack waited for a shower, he continued to experience pain, a burning sensation, and difficulty breathing. He had no other adequate means of decontamination available to him during that time.

21. When TRCI staff finally did provide Mr. Carmack with a shower, the water was hot, reactivating the chemical agents and causing Mr. Carmack still more pain and suffering. Upon information and belief, at that time, the DSU at TRCI had a cold-water shower available that could have been used to provide Mr. Carmack a shower without causing additional pain and suffering.

### Supervisor Liability Allegations

22. Defendants Jackson and Rumsey were liable for the actions of the above-named Defendants in a supervisory capacity. At all times, Defendants were aware of the pain and suffering that inmates experience when denied the opportunity to decontaminate after exposure to OC spray. At all times, Defendants were aware of the pain and suffering inmates experience when provided hot-water showers as decontamination for OC spray. For at least 12 months prior to this incident, Defendants were aware of previous complaints from inmates who were denied the opportunity to decontaminate or were provided hot-water showers as decontamination for OC spray.

23. Defendants Jackson and Rumsey failed to train and supervise TRCI staff to provide necessary decontamination to inmates who had been sprayed with OC spray.

24. At all times, and for at least 12 months prior to this incident, Defendants were aware that warm or hot water can exacerbate the effects of OC spray on inmates and cause undue pain and suffering. During the incident described above, Defendants were aware TRCI had cold water showers installed in the DSU.

25. Defendant Jackson's responsibilities during the incident described in this Complaint included but were not limited to training and supervising TRCI security staff. These responsibilities including training and supervising security staff about providing appropriate and necessary means of decontamination to inmates exposed to chemical agents, and the availability of cold showers for inmates exposed to chemical agents in the DSU.

26. Defendant Rumsey's responsibilities during the incident described in this Complaint included but were not limited to ensuring TRCI staff followed ODOC processed and procedures and communicate with security staff of updated processes and policies. These responsibilities included training, updating, and supervising staff on appropriate and necessary means of decontamination to inmates exposed to chemical agents, and the availability of cold showers for inmates exposed to chemical agents in the DSU.

## CLAIM FOR RELIEF

27. Plaintiff brings claims under 42 USC § 1983, for violations made by the named Defendants, of Mr. Carmack's Eighth Amendment rights to be free from cruel or unusual punishment. He also brings a state negligence claim again Oregon Department of Corrections.

28. The Defendants, except Oregon Department of Corrections, are all persons within the meaning of 42 U.S.C. § 1983.

29. Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

### CLAIM 1: VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983]
### EIGHTH AMENDMENT
### (Deliberate Indifference to Medical Needs— Individual Liability)

30. Mr. Carmack restates and incorporates here the allegations in all preceding paragraphs.

31.     Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." A "cruel and unusual punishment" could include deliberate indifference to a prisoner's serious medical needs.

32.     Defendants were well aware of the pain and anxiety suffered by inmates who are directly sprayed with OC spray.

33.     Defendants Campos and John Doe were deliberately indifferent to Mr. Carmack's serious medical needs in failing to provide Mr. Carmack with a shower or other means of decontamination at the earliest available opportunity, or at all, knowing that he was exposed to OC spray and in pain.

34.     Defendants Jackson and Rumsey were deliberately indifferent to Mr. Carmack's serious medical needs in failing to adequately train, discipline, control, and supervise TRCI staff regarding the use of OC spray, including proper decontamination methods and the necessity or providing cold-water showers to inmates exposed to OC spray.

### CLAIM 2: STATE TORT CLAIMS
(Negligence – Against Oregon Department of Corrections)

35.     Mr. Carmack restates and incorporates here the allegations in all preceding paragraphs.

36.      Defendant Oregon Department of Corrections, acting by and through its employees and agents, was negligent in one or more of the following ways:

a.  In failing to exercise reasonable care to protect those in its custody, including Mr. Carmack, from the unreasonable risk of harm of using chemical agents on cell 16 without taking precautions to ensure those chemical agents did not enter neighboring cells;

    b. In unreasonably ignoring its own responsibilities and regulations by failing to provide Mr. Carmack with a shower or other means of decontamination after defendant's employees exposed him to chemical agents; and

    c. In providing Mr. Carmack with a hot-water-only shower when a cold water shower was available.

37. As the corrections agency holding Mr. Carmack in custody, Defendant had a special relationship with Mr. Carmack, and owed him a heightened duty of care. This duty included protecting him from foreseeable harms arising in TRCI.

38. Defendant's agents and employees knew or should have known that their acts or omissions would result in a foreseeable risk of harm and suffering to Mr. Carmack. Because of this foreseeable risk, Defendant owed Mr. Carmack the reasonable care and duty of not exposing him to such harm.

39. Defendant's agents' and employees' conduct was unreasonable in light of the risk of harm to Mr. Carmack and resulted in the aforementioned harm.

40. As a direct result of the actions and omissions of Defendant ODOC, Mr. Carmack experienced pain, suffering, emotional distress. Mr. Carmack is entitled to compensatory and pecuniary damages in an amount to be determined at trial.

41. Notice as required by the Oregon Tort Claims Act was provided to defendant ODOC within the statutorily prescribed time frame.

**DEMAND FOR JURY TRIAL**

42. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

**REASONABLE ATTORNEY'S FEES AND COSTS**

43. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

44. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

**CONCLUSION**

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Mr. Carmack against Defendants for his economic and non-economic damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED: December 30, 2021.

*/s/ Alex Meggitt*
Alex Meggitt, OSB #174131
P.O. Box 5248
Portland, OR 97208

Attorney for Plaintiff